The next case on the calendar is Ruocco v. Hemmerdinger Corporation. With the court's permission, I would like to reserve three minutes for rebuttal. My name is Robert Casale. I represent Frank Rocco. As the court is aware from the briefs, Frank Rocco is appealing a judgment entered against him on the jury's verdict on count three of the civil complaint that we defended in the Eastern District. That count asserted a derivative civil RICO conspiracy claim. The jury's verdict was $334,000. As I stand here today, it has ballooned to well over $3 million, probably closer to four, with the inclusion of attorney's fees. The remedial portion of the verdict consumes 12 to 15% of my numbers are correct. The issue that we raise, I suggest, is one that this court and at least 20 district courts have addressed and answered. Namely, whether a civil RICO conspiracy claim that is derivative of a substantive RICO claim survives the complete rejection of substantive RICO liability on anyone's part. That is the posture of this case. Well, there are two different things. First, the question of whether the jury really found that there was no enterprise. That's the first claim that you make. And that depends on whether the jury could have read the first question in the interrogatory to require all the participants to be. Now I know that later on in the sub requirements below that, there was something that suggested that that was not what that meant. But since the first clause said, if you find this, you don't read any further. Is it not possible that we should read the jury finding as that not all were involved? And they did acquit one. And so that's a perfectly possible consistency. We don't need to hold it inconsistent to assume that the jury didn't read any further when they were told not to read any further. Well, I think if the court please, the flaw in that argument is the assumption that the jury misunderstood the common and everyday definition of the word among. The verdict form, that first question asked if a civil RICO enterprise existed among the defendants. But I don't, I think you're overlooking the way the court charged this to the jury. When the court was charging the substantive count, it defined enterprise the same way it had been defined in the complaint as a enterprise consisting of the five people, the five defendants. Not all people, but the five defendants. When the court got to the charge on enterprise under the conspiracy count, it first said one alternative is that. And then at page A546, the court went on to give a alternative definition of enterprise. And enterprise also includes a group of people who have associated together for a common purpose, etc. And it did not limit that second alternative version of enterprise to one that consisted of all five. So the jury following the different definitions of enterprise given by the court in its charge, could well say no enterprise on the substantive count, because enterprise was defined by the court on the substantive count as consisting of all five. But enterprise on the conspiracy count, because there we were given an alternative. And the alternative did not limit it to five, it could have been four. Well, as your honor will note from the verdict sheet, the jury under the substantive count was fully capable of finding fewer culpable members of that enterprise. No, that's not true, because in the charge on the substantive count, the court had limited the definition to all five. Well, but I mean, that would of course assume that the jury did not understand the word among, and then did not- No, no, no, no, no. Maybe I'm not communicating well. When the court defined enterprise for purpose of the substantive count, it talked only of an agreement of an enterprise consisting of all five, and it listed all five. When it got to charging the enterprise element on the conspiracy count, it first gave that same definition, and then it said there's an alternative. And the alternative did not limit it to five. So the jury could, in total fidelity to that instruction, have rejected enterprise on the substantive count, and still found an enterprise on the conspiracy count. It doesn't change that the jury found no substantive liability on anyone's part, and there's no way to- Because there was no enterprise of five people. But they could find that in connection with the conspiracy, there was an enterprise of four or less. And then, in assessing damages, of course, they would have to find that there was a racketeering act that caused the damages, which, as they were instructed to do, and they did. Under those instructions on the conspiracy claim, there was no indication that any defendant, any RICO person, committed a racketeering act. Okay. Now, wait. Let's come to that, and the question of whether it is necessary for an indefendant to have met the RICO level. Now, you, it seems to me that you forfeited the question of whether the individual defendant had to do the two racketeering acts that are necessary for RICO, as against doing only one which is not enough to be RICO, but is enough to do damages if there is an enterprise or a conspiracy to do that. Now, that question is a fascinating question, just like the question of whether an enterprise, a conspiracy to create an enterprise which has not been completed constitutes an enterprise. Those are wonderful questions, but I don't think they're before us because you forfeited that. I'm not going to say waiver, even though one of the parties said yes. But even short of waiver, but forfeiture, the law is not clear. Yeah, we have a couple of district judges who have said that, and distinguished one. Weinstein, good heavens, how more distinguished than Kaplan. But it comes, both cited, some language in an opinion by John Newman, which doesn't really say anything. So how can we say that the law is clear, and when you didn't make the argument? Well, I think that we have made the argument that for a RICO conspiracy to exist, someone has to commit a substantive RICO violation, a violation of a- But you didn't object to the jury charge, which didn't go that far. You didn't object to it. And so that argument, I think, has to be treated as forfeited. I don't mean to say that you were trying to sandbag. I don't mean that at all. But this is the kind of situation where forfeiture in plain error is very strong, because it's the kind of situation where a lawyer may strategically decide. I'm not going to object to that. If I win, that's great. And if I don't, I've got a claim of a different sort. So that's just where we are toughest on plain error. I appreciate that. If you look at the actual verdict form, essentially the argument is that the theory is that we can take that one page out and treat that as a self-contained claim. There's still nothing on that form that indicates that anyone actually committed an act. The last line says that the plaintiff suffered an injury caused by an enterprise's racketeering activity. Which is clearly wrong, because the enterprise doesn't commit racketeering activity. So, I mean, we do not have any fact of the- Now, the jury was charged, putting aside the special interrogatories, which I agree with you are less than wonderful. But the jury was charged that in order to find damages, they had to find a predicate act that caused injury. So the charge, if they followed the instructions as we presume they did, they would have found all the things you're talking about. But what I'm hung up on is they did not. The only opportunity that the jury had to return a verdict against anyone on a claim of substantive liability, from which the conspiracy claim would derive, the jury rejected. And I think- No, no, but we're on- Now we're back to the- Or a different one. Well, of course, we come to court defending the allegations made in the complaint. This was the enterprise the plaintiff fled. Well, I have questions for your adversary on that when we get to that. But at least as a theoretical matter, the jury could have found, consistent with everything they said in their special interrogatories, that there was no proof of a five-entity enterprise and so no substantive liability, but there was a four-entity enterprise, and then there was predicate acts committed in furtherance of the racketeering activity, so that there was liability on the conspiracy count. That at least is theoretically possible, yes. I'd say only if you assume the finding of a substantive act, and if it's not there, I think that's a big assumption to make. It is, juries have long confused conspiracy and enterprise, and those are not difficult concepts to conflate. I think if the jury was told that a RICO conspiracy exists as a means of imposing vicarious liability, that an indivisible conspirator need not commit two predicate acts. The courts have formulated different tests for what makes someone a RICO conspirator, but somebody has to commit a substantive RICO violation. That finding has to be on the record. Otherwise, just a yes. But then what do we do with the exchange with regard to the instructions? I mean, dear Judge Koontz, for the jury's clarification, are claim two and claim three independent of each other, as in the defendants can be found guilty of claim three, irrespective of the outcome of claim two? A different answer to that question than the one that was given to the jury might have resulted in a jury verdict form that was clearer for the position you're arguing. It might have been, but of course, we had no way of knowing what prompted that question, or what was behind that. And the assumption usually is, if the jury wants more specific information, they can ask for it. That could be a question one juror had, or an entire jury panel had. It's the way of knowing. How did you react when that question was asked? I said, I think so. And as I explained in the brief, there are a number of circumstances where a defendant can be held responsible on one of the counts, but not the other count. And that would not be an incorrect statement of law. The principal problem, of course, is the RICO statute is confusing. And there should be no why birth for the jury to essentially come up with some kind of a compromise decision. I have your argument. Thank you. Good morning, your honors. John Balistrieri for the Eppley-Hemmerdinger Corporation. Forgive me for moving right in, but- Please, your honor. The opposite of the argument I was suggesting to your adversary. Isn't it correct that the enterprise as defined in the complaint is an enterprise of all five defendants? Isn't it correct that in describing the enterprise in the charge, even with the additional language I just mentioned, the court never explicitly said you can find a smaller enterprise. It instead repeatedly mentioned that the plaintiff had charged that it was an enterprise of all five. Isn't it correct that you never argued to the jury on summation that they could find a smaller enterprise? So why should we assume that they disregarded and came up with their own different theory when no one had argued it, no one had suggested it, and the complaint expressly is to the contrary? I think the answers to your first questions are, yes, that's all true. But I don't think we need to assume- No, no, no, I just want to be clear. I agree with your review of the record. We don't need to assume. We can look at the verdict sheet. And the verdict sheet, so this is page 593 in the record, it's claim three. Question two does not ask the jury, did all defendants knowingly and willfully become a member of this enterprise, but rather gives them the opportunity to choose which defendants became a member of the enterprise. And to the waiver or forfeiture point your honor was raising previously, there was waiver I believe consistent with decisions of this court to say that not even plain error review is permitted. There was a comment by Mr. Cazal initially on how the judgment amount is ballooned. It's for a simple reason. Mr. Rocco has fought, that's how his name is pronounced, Mr. Rocco has fought everything every step of the way. Three motions for summary judgment, multiple motions in limine, motion to dismiss, all after a criminal trial, and of course this appeal, but the reason why I bring that up is to say that there were multiple opportunities to address this issue. Judge Coons had a multi-hour charge conference where the counsel went through the charge page by page. There was never a request to change, it could be a few members of the enterprise, your honor, getting right to your point. We reviewed the verdict sheet prior, not just to it being submitted to the jury, but prior to closing. There was of course the question your honor just raised, and even after the verdict sheet, we're dealing respectfully here with highly regarded trial counsel who knew that they had the opportunity to poll the jury. So you say that even though the problem that Judge Rakoff has pointed out would be a very serious problem, along with other problems, including whether the individual has to have done enough to do two racketeering, instead of only one that don't, that all those are very interesting issues. They're not before us now, at least at a plain error level, leave aside whether it's even more, because this is simply something that counsel did not raise, had multiple opportunities to raise. And was, could be, I'm not saying that he was, being strategic and not raising it because it could be a sandbagging situation. I think the short answer is yes, your honor, but I actually don't think it is that serious. I think your honor said that the special interrogatories were less than great or something like that, and of course I agree, that's why we're here to a degree. But I believe that when reading through, if there's one page, I think the appellant's counsel asked you to look at 75 words. I'd ask you to look at one page, which is 593, and to review the actual questions. Because first question one, this is for claim three, asks whether there was an agreement amongst two or more persons. So right away we see the distinction from claim two, giving the jury the opportunity to choose, not all members, all defendants, but two or more persons. And then it says, to participate in an enterprise that would affect interstate commerce through a pattern of racketeering activity. It includes all the elements of a RICO enterprise there. And Judge Rakoff, as you noted, there was a charge in all of this, which we have to assume that they read. And then question two doesn't ask, did they try to become part of this enterprise, the way you sometimes see in these conspiracy charges. But it says, did a defendant knowingly and willfully become a member of the enterprise? So the enterprise came into effect. So I agree with your honor that there's some interesting questions here. And of course, as anyone in my position who's tried the case and then is appealing it wishes you could have done something differently, I do think any concerns with this were waived. But that we also have this verdict sheet, which shows us what the jury did. And I think Judge Kuntz's decision in the post-verdict motion, so it's page seven, where he really kind of distills this. Where he says, the jury merely found no civil RICO enterprise amongst all the captioned defendants. This is in our briefs too. In particular, the jury did not believe Defendant McCambridge to be part of the enterprise. That's the trial judge who saw things and asked the questions, but is also just relying on the verdict sheet. Of course, I think I've addressed the issues. Are there any other questions that the court has? All right, thank you very much. Respectfully, I believe the judgment should be affirmed. Well, if I may put this in the context in which it occurred. The first question of the substantive RICO verdict sheet asks regarding the existence of an enterprise and goes on to say, if the answer is no, do not move on. Now, I don't take that in a vacuum, because plaintiff's counsel objected to that language and asked that the jury be instructed, move on to the next claim. Trial judge overruled the objection. Is it not reasonable for me to include, or conclude, that is a dispositive question. If the jury finds no enterprise, the case should be over. That essentially was our position, and that was the clear import of the judge's ruling, denying plaintiff's counsel's request for different language. Now, how the jury got the claim to, there is a certain amount of speculation and guesswork involved in that. I mean, is it a reasonable theory? Well, that depends. We just don't know. I think it is as likely that they split the baby in some way, deciding not to hold people responsible for substantive RICO violations, possibly thinking conspiracies may be a lesser grade. Your adversary's argument about page 593, though, and it seems fairly clear under claim three, was there an agreement among two or more persons to participate in an enterprise? Yes, and then a four person enterprise is determined to exist for purposes of the conspiracy count. Well, I understand that. My position is that this verdict sheet really only makes sense when you read it from start to finish. Because the second claim about conspiracy is clearly based on the assumption that the jury found the previous enterprise and moved on from there. Why do you say that? Because it really- Why isn't it possible that to have the first one say, no, there was not an enterprise with five, and then the second one go into who was and who was not? Why isn't that a perfectly possible reading? Because the assumption is that's what they said. And I think that the way this verdict sheet is lined up, if you just tear out the conspiracy claim, it makes no sense at all, because there is no reference to substantive conduct, substantive violations of the RICO statute, which we should assume the jury understood they were finding when they rejected substantive liability. Thank you. Thank you. Thank you both for your arguments. We'll take it under submission.